193 P.3d 1131 (2008)
STATE of Washington, Respondent,
v.
Adrian PEREZ, Sr., Appellant.
No. 35379-2-II.
Court of Appeals of Washington, Division 2.
October 14, 2008.
*1132 Manek R. Mistry, Backlund & Mistry, Olympia, WA, Ben Critchlow, Attorney at Law, Port Townsend, WA, for Appellant.
Katherine S. Gulmert, Jefferson County Prosecuting Attorney's, Port Townsend, WA, for Respondent.
ARMSTRONG, J.
¶ 1 In our initial opinion in this case, we remanded to the trial court to make a critical factual finding underlying Adrian Perez, Sr.'s motion to suppress below, but retained jurisdiction to enter a final decision after the trial court filed its finding. State v. Perez, No. 35379-2-II, 143 Wash.App. 1017, 2008 WL 497426, at *5 (Wash.Ct.App. Feb.26, 2008). Specifically, we instructed the trial court to determine whether the officers who sought a search warrant for the trunk of Perez's car would have done so if they had not already learned of the truck's contents by an illegal search. Perez, 2008 WL 497426, at *5. The trial court has since found, upon stipulation by the State, that the officers had no intent to seek a warrant before they conducted the illegal "inventory search" of Perez's trunk. Findings of Trial Court (June 30, 2008). Because such an intent is foundational to the State's reliance on the independent source rule,[1] we have no choice but to conclude that the trial court erred in denying Perez's motion to suppress. We reverse the conviction and remand for further proceedings consistent with this opinion.
I concur: HOUGHTON, P.J.
QUINN-BRINTNALL, J.
¶ 2 For the reasons stated in State v. Perez, No. 35379-2-II, 2008 WL 497426 (Wash. Ct.App. Feb.26, 2008), I respectfully dissent. The officer's subjective opinion is irrelevant.
NOTES
[1] See Murray v. United States, 487 U.S. 533, 542-43, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988); State v. Gaines, 154 Wash.2d 711, 721, 116 P.3d 993 (2005); State v. Spring, 128 Wash.App. 398, 403, 115 P.3d 1052 (2005), review denied, 156 Wash.2d 1032, 134 P.3d 232 (2006).